**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KASSIM MOUZONE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> LYFT, INC., *et al.*, <br><br> Defendants. | Case No. 2:21-cv-12095 (BRM) (JSA) <br><br> **OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Defendant Lyft, Inc.'s ("Lyft") Motion to Dismiss (ECF No. 26) Plaintiffs Kassim Mouzone ("Mouzone") and Omayra Diaz's ("Diaz") (collectively "Plaintiffs") Second Amended Complaint (ECF No. 25) pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs filed an Opposition on November 9, 2022.[1] (ECF No. 28.) Lyft filed a Reply on November 15, 2022. (ECF No. 29.) Having reviewed the submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Lyft's Motion to Dismiss is **GRANTED**.

**I.    BACKGROUND**

For the purpose of the Motion to Dismiss, the Court accepts the factual allegations in the Complaint as true and draws all inferences in the light most favorable to Plaintiffs. *See Phillips v.*

---

[1] On October 25, 2022, this Court entered a text order on the docket, instructing Plaintiffs to respond to Lyft's Motion by November 8, 2022, or the Motion would be considered unopposed. (ECF No. 27.) Plaintiffs' Letter Opposition was entered on November 9, 2022. (ECF No. 28.) Despite the untimeliness of the filing, the Court considers the merits of Plaintiffs' Opposition.

*Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). The Court also considers any "document integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Digit. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

Lyft is an online ride-sharing app that matches passengers, like Plaintiffs, with drivers, like Defendant Mr. Bienvenido[2] ("Bienvenido"). (Second Am. Compl. ("SAC") (ECF No. 25 at 2.)) On March 30, 2021, Plaintiffs requested a ride through the Lyft app and matched with Bienvenido. (*Id.*) Plaintiffs entered Bienvenido's vehicle with masks covering their mouths only. (*Id.*) When Bienvenido asked Plaintiffs to wear their masks covering both their mouths and noses, Plaintiffs refused. (*Id.*) They informed Bienvenido that they had a medical condition and disability preventing their mask usage in such a manner. (*Id.*) Plaintiffs' SAC alleges, as a result of Plaintiffs' refusal to cover their nose with their masks, that Bienvenido threatened Plaintiffs with assault, cancelled their ride, and Defendants failed to return Plaintiffs' monies for non-service. (*Id.*)

Plaintiffs filed their initial Complaint on June 2, 2020. (ECF No. 1.) Lyft moved to dismiss the Complaint on September 29, 2021 (ECF No. 6), and in response, Plaintiffs requested leave to file an Amended Complaint (ECF No. 10). The Court granted Plaintiffs' request. (ECF Nos. 11, 13.) On January 5, 2022, Plaintiffs filed their First Amended Complaint, which alleged ten causes of action against Defendants. (ECF No. 16.) Again, Lyft moved to dismiss, arguing Plaintiffs failed to state any claim. (ECF No. 20.) On August 17, 2022, the Court granted Lyft's Motion to Dismiss Plaintiffs' First Amended Complaint as to Defendant Lyft, with leave for Plaintiffs to file an Amended Complaint within fourteen days of the date of the Order. (ECF No. 23.) On August 31, 2022, Plaintiffs filed a Second Amended Complaint. (ECF No. 25.) Plaintiffs reasserted only one

---

[2] The Defendant Lyft Driver is pleaded and referred to by Plaintiffs only as "Mr. Bienvenido."

2

cause of action under the Civil Rights Act of 1964 ("CRA"), 42 U.S.C. § 2000a-3(a).[3] (*Id.*) On September 14, 2022, Lyft filed this Motion to Dismiss Plaintiffs' Second Amended Complaint. (ECF No. 26.) Plaintiffs' Opposition to the Motion was due on October 3, 2022. On October 25, 2022, the Court entered a text order, instructing Plaintiffs to respond to Lyft's Motion by November 8, 2022, or the Motion would be considered unopposed. (ECF No. 27.) Plaintiffs' Letter Opposition was entered on November 9, 2022.[4] (ECF No. 28.) Lyft replied on November 15, 2022. (ECF No. 29.)

## II.  LEGAL STANDARD

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the non-moving party]." *Phillips*, 515 F.3d at 228. "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* (alterations in original). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain,* 478 U.S. 265, 286 (1986). Instead,

---

[3] This Court dismissed Plaintiffs' CRA claim in the FAC because Plaintiffs sought damages under the cause of action, which only allows for injunctive relief. (ECF No. 23 at ¶ 8.) Plaintiffs attempted to cure the deficiency in their SAC by "seek[ing] injunctive relief and attorneys fees and request[ing] the courts to stop [Lyft] from unequal treatment and segregating individuals based on mask mandates." (ECF No. 25 at 2.)

[4] Plaintiffs' Opposition is dated November 8, 2022, but was entered on the docket, and received by this Court on November 9, 2022.

assuming factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663 (citing *Twombly*, 550 U.S. at 556). This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "[D]etailed factual allegations" are not required, but "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citations omitted). In assessing plausibility, the court may not consider any "[f]actual claims and assertions raised by a defendant." *Doe v. Princeton Univ.*, Civ. A. No. 21-1458, 2022 WL 965058 at *5 (3d Cir. Mar. 23, 2022).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). Indeed, after *Iqbal*, it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. To prevent dismissal, all civil complaints must

now set out "sufficient factual matter" to show that the claim is facially plausible. This "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. *See id.* at 670.

While, as a general rule, the court may not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to Rule 12(b)(6), the Third Circuit has held that "a court may consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment pursuant to Rule 56]." *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). Specifically, courts may consider any "document *integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory*, 114 F.3d at 1426 (emphasis added) (quoting *Shaw*, 82 F.3d at 1220). However, "[w]hen the truth of facts in an 'integral' document are contested by the well-pleaded facts of a complaint, the facts in the complaint must prevail." *Princeton Univ.*, 2022 WL 965058, at *3.

### III. DECISION

Lyft argues that Plaintiffs' SAC, alleging Lyft violated Section 2000a-3 of the CRA, should be dismissed because: (1) Plaintiffs fail to state a claim upon which relief can be granted because "disability" is not one of the grounds for relief enumerated by the statute; and (2) Plaintiffs' request for injunctive relief is moot, and their request for attorney's fees is improper. (ECF No. 26-1 at 7-12.) Further, Lyft argues Plaintiffs' claims should be dismissed with prejudice, as any additional attempt to amend the pleading would be futile. (*Id.* at 12.) Plaintiffs filed an Opposition, after the court-ordered deadline, which is substantially similar, if not identical, to the Opposition it filed in response to Lyft's First Amended Complaint on February 10, 2022. (*See* ECF Nos. 21 and 28.)

The Opposition does not address Lyft's arguments made in its most recent Motion,[5] but instead, states, as to Plaintiffs' CRA cause of action, that "[Plaintiffs'] amended complaint and evidence alone support the facts of the claims made. It is evident that the claims made by the plaintiffs in the complaint are in fact true. A Youtube video was produced by the plaintiffs in support of these claims for the court to review." (ECF No. 28 at 3.) Lyft replies that Plaintiffs' Opposition did nothing to cure or address the deficiencies in the SAC, and because the allegations are deeply flawed, the SAC should be dismissed with prejudice. (ECF No. 29 at 2-3.) This Court agrees.

Section 2000a of the CRA reads:

> All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin.

42 U.S.C. § 2000a.

Plaintiffs' SAC alleges a violation of the CRA because Defendants failed to accommodate their "disability ailments" and deprived them of equal access when they refused to provide Lyft's car service in response to Plaintiffs' refusal to wear a mask over their nose. (ECF No. 25 at 2.) However, disability or decision to wear a mask is not one of the grounds for protection enumerated in the statute. *See Elansari v. Jagex Inc.*, 790 F. App'x 488, 490 (3d Cir. 2020) (dismissing a plaintiff's complaint for failing to allege discrimination based upon any grounds protected under 42 U.S.C. § 2000a). Accordingly, Plaintiffs failed to plead a claim under the statute and the SAC must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Further, given Plaintiffs'

---

[5] Even if a motion is unopposed, and because Plaintiffs are *pro se*, this Court must still evaluate the merits of its claims. *See Jones v. Unemployment Comp. Bd. of Review*, 381 F. App'x 187, 189 (3d Cir. 2010) (citing *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991) ("[A] Rule 12(b)(6) motion should not be granted without an analysis of the merits of the underlying complaint notwithstanding local rules regarding the granting of unopposed motions.")).

own allegations that, as of April 19, 2022, Lyft no longer requires drivers and riders to wear masks," (*see* ECF No. 25 at 3), Plaintiffs' request for injunctive relief in the form of stopping Lyft's segregation of persons "who prefer to wear mask[s] versus persons . . . who prefer not to wear mask[s]" (*id.*), is moot.

The decision to grant leave to amend rests within the sound discretion of the trial court. *Zenith Radio Corp. v. Hazeltine Research Inc.*, 401 U.S. 321, 330 (1970). An amendment is futile if it "is frivolous or advances a claim . . . that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted). To evaluate futility, the Court uses "the same standard of legal sufficiency" as applied to a motion to dismiss under Rule 12(b)(6). *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). Based on the record before the Court, amendment to the SAC would be futile because Plaintiff cannot set forth allegations sufficient to state a claim under Section 2000a. Plaintiffs' claims are based upon disability discrimination and the unequal treatment of individuals who choose not to wear a mask (*see* ECF No. 25), neither of which are protected by the statute. Because Plaintiffs' claim is legally insufficient on its face, Plaintiffs' SAC is dismissed.

### IV.   CONCLUSION

For the reasons set forth above, Lyft's Motion to Dismiss Plaintiffs' Second Amended Complaint (ECF No. 26) is **GRANTED**; and Plaintiffs' Second Amended Complaint (ECF No. 25) is **DISMISSED WITH PREJUDICE** as to Defendant Lyft.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated:  December 21, 2022